## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROLLS-ROYCE plc,          )
                          )
              Plaintiff,  )
                          )
        v.                )    C.A. No. _____
                          )
UNITED TECHNOLOGIES       )
CORPORATION,              )
                          )
              Defendant.  )

## COMPLAINT

Plaintiff, Rolls-Royce plc ("Rolls-Royce"), through its attorneys, alleges as follows:

## THE PARTIES

1.    Rolls-Royce is a corporation organized and existing under the laws of England and Wales, and has its principal place of business at 65 Buckingham Gate, London SW1E 6AT, United Kingdom.

2.    On information and belief, defendant, United Technologies Corporation ("UTC" or "Defendant") is a Delaware corporation, having its principal place of business at One Financial Plaza, Hartford, Connecticut 06103.  UTC is registered to do business in the State of Delaware and is doing business in this district.

## JURISDICTION AND VENUE

3.    This action arises under the patent laws of the United States, Title 35, United States Code.  This Court is vested with subject matter jurisdiction in this action pursuant to 35 U.S.C. § 146 and 28 U.S.C. §§ 1331 and 1338(a).

4.      Defendant UTC is subject to personal jurisdiction in the State of Delaware because it is a Delaware corporation, registered to do business in the State of Delaware and is doing business in this district.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

6.      On or about June 5, 2001, UTC filed or caused to be filed in the U.S. Patent and Trademark Office ("PTO") an application (Serial Number 09/874,931) (the "'931 application") for reissue of its U.S. Patent No. 5,642,985. A copy of the '931 Application is attached hereto as Exhibit A.

7.      On or about July 22, 2002, UTC filed or caused to be filed in the '931 application a Request for Interference seeking to provoke an interference between that application and Rolls-Royce's U.S. Patent No. 6,071,077 (the "'077 Patent"). A copy of the '077 Patent is attached hereto as Exhibit B.

8.      On or about December 31, 2003, the PTO declared an interference (Interference No. 105,195) (the "'195 Interference") between the '931 application and the '077 Patent.

9.      The '077 Patent issued on June 6, 2000 to inventor Paul A. Rowlands ("Rowlands"). Rowlands was the junior party in the '195 Interference.

10.     Rowlands assigned his rights in the '077 Patent to Rolls-Royce. Rolls-Royce is the legal owner of the '077 Patent and the entire right, title and interest in and to the invention disclosed and claimed in the '077 Patent.

2

11.     The '931 application names the late David A. Spear, Bruce and P. Biederman and John A. Orosa ("Spear et al.") as the inventors. Spear et al. were collectively the senior party in the '195 Interference.

12.     On information and belief, Spear et al. assigned their rights in the '931 application to defendant UTC.

13.     Rolls-Royce and defendant UTC are the real parties in interest in the '195 Interference.

14.     During the '195 Interference, Rowlands filed a Preliminary Motion No. 1 Under 37 C.F.R. § 1.633(b) asserting that there is no interference-in-fact between the '077 Patent and the '931 application. On or about February 2, 2005, the PTO's Board of Patent Appeals and Interferences (the "Board") issued a Decision on Preliminary Motions and Judgment in the '195 Interference ("the Board's decision" or "February 2, 2005 decision") erroneously (a) determining that "the interference was properly declared," (b) denying Rowlands' Preliminary Motion No. 1 and (c) entering judgment against Rowlands.

15.     Rolls-Royce is dissatisfied with the Board's decision.

16.     On information and belief, as of the date of this Complaint, no party to the '195 Interference has appealed the Board's decision to the United States Court of Appeals for the Federal Circuit.

17.     Rolls-Royce has commenced this action within sixty days of the Board's decision.

## CLAIM FOR RELIEF REGARDING THE '195 INTERFERENCE

18.     Rolls-Royce realleges the allegations of paragraphs 1-16 as if fully set forth herein.

3

19.     In the February 2, 2005 decision, the Board erroneously concluded that: "Rowlands failed to sufficiently demonstrate by a preponderance of the evidence that no Rowlands claim interferes with a Spear claim." The Board also erred in determining that the interference was properly declared, in denying Rowlands' Preliminary Motion No. 1 and in entering judgment against Rowlands.

20.     The Board's decision also erroneously decided issues of claim construction, evidentiary issues and other issues of fact and law.

21.     Rolls-Royce is dissatisfied with the Board's decision because, among other things, the subject matter claimed in the '077 Patent is patentably distinct from the subject matter claimed in the '931 application.

22.     Rolls-Royce seeks reversal of the Board's decision to the extent that the Board ruled that Spear et al. should be awarded the subject matter of the count in the '195 Interference and that Rowlands is not entitled to claims 1-13 of the '077 Patent. Rolls-Royce also seeks reversal of the Board's decision to the extent that the Board ruled against Rowlands on motions, claim construction issues, evidentiary issues and other issues of fact and law in the '195 Interference.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Rolls-Royce requests a judgment against Defendant UTC, including an order:

A.     Reversing the Board's February 2, 2005 decision with regard to Rowlands' Preliminary Motion No. 1 for no interference-in-fact as contrary to the facts and the law;

4

B.    Reversing those portions of the Board's February 2, 2005 decision with regard to the '195 Interference that are adverse to Rowlands as contrary to the facts and the law;

C.    Holding that there is no interference-in-fact between the '077 Patent and the '931 application and entering judgment for Rolls-Royce in the '195 Interference;

D.    Awarding Rolls-Royce its costs and attorney fees in this action, pursuant to 35 U.S.C. § 285 and/or any other appropriate provision of law; and

E.    Awarding Rolls-Royce such other and further relief as this Court may deem just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

James A. Oliff
William P. Berridge
Richard E. Rice
Eric W. Schweibenz
OLIFF & BERRIDGE, PLC
277 South Washington Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 836-6400

By: _____
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     P.O. Box 951
     Wilmington, DE  19899-0951
     Tel.:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

Dated:  April 4, 2005

Attorneys for Plaintiff Rolls Royce plc

676571

5